Kristin **CRUME**, Plaintiff—Appellant,

v.

**CITADEL BROADCASTING COMPANY; et al.,**
**Defendants,**

and

**Marathon Media LP, Defendant—Appellee.**

No. 02–35366.

D.C. No. CV–00–05063–EFS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided Dec. 2, 2003.

Laura B. Allen, Favre & Allen, Seattle, WA, for Plaintiff–Appellant.

Courtney Wiswall, Paul Buchanan, Stoel Rives, LLP, Portland, OR, for Defendant–Appellee.

Before LAY,* FERGUSON, and GOULD, Circuit Judges.

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM**

Appellant Kristin Crume ("Crume") appeals the District Court for the Eastern District of Washington ("District Court")'s grant of summary judgment in favor of defendant Marathon Media, L.P. ("Marathon"), on a retaliation claim brought under Title VII of the Civil Rights Act of 1964 and the Washington Law Against Discrimination ("WLAD"). The District Court held that, although Crume established a *prima facie* claim of retaliatory discharge against Marathon, she was unable to demonstrate that Marathon's non-discriminatory reasons for terminating her were a pretext for retaliation. Because Crume raises a genuine issue of material fact with respect to her retaliation claim, we reverse the District Court's grant of summary judgment in favor of Marathon.

The parties are familiar with the facts and procedural history of the case. Thus, we recite only those necessary to explain our disposition.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 (2000). "We review the district court's decision to grant summary judgment de novo." *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1219–20 (9th Cir.1998) (citations omitted). Viewing the evidence in the light most favorable to Crume, we must determine whether any genuine issues of material fact exist, and whether the district court correctly applied the relevant substantive law. *Id.* at 1220. In doing so, "[t]he evidence of the [non-moving] party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in the light most favorable to [her]." *Lindahl v. Air France,* 930 F.2d 1434, 1437 (9th Cir.1991).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Washington courts look to federal law when analyzing retaliation claims, we consider Crume's Washington state law claim and federal claim together. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir.2002); *Graves v. Dep't of Game*, 76 Wash.App. 705, 887 P.2d 424, 428 (1994).

Under our case law, Crume must proffer "specific" and "substantial" evidence of pretext to overcome Marathon's summary judgment motion. *See Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 801 (9th Cir.2003) ("Because Manatt failed to introduce any direct or specific and substantial circumstantial evidence of pretext, summary judgment for the [employer] must be affirmed."). Although Crume's case is arguably not as strong as that brought by the plaintiff in *Stegall v. Marathon Media*, 350 F.3d 1061 (9th Cir.2003), Crume has offered sufficient circumstantial evidence that her termination was motivated, at least in part, by retaliation for complaining to Marathon of inequities in pay allegedly due to her gender. The timing of Crume's termination, Crume's deposition testimony, Curt Cartier's promotion and role in Crume's termination, and the myriad reasons that Marathon has given for terminating Crume, taken together, is sufficient to raise a genuine issue of material fact with respect to Marathon's motivation for terminating Crume.

In light of the above, we **REVERSE** the District Court's grant of summary judgment in favor of Marathon, and **REMAND** for proceedings consistent with this decision.

GOULD, Circuit Judge, dissenting.

Kristin Crume appeals the district court's decision granting summary judgment in favor of Marathon Media, L.P. ("Marathon"). Crume argues that Marathon acted with retaliatory intent by terminating her, due to gender-based discrimination complaints she had made to the Marathon management, in violation of Title VII and the Washington Law Against Discrimination ("WLAD"). In my view, Crume did not present sufficient evidence to the district court to demonstrate that Marathon's legitimate nondiscriminatory reasons for terminating Crume, as part of a set of terminations incidental to broad changes in station programming and on-air personalities after an acquisition of the station, were a pretext for a retaliatory discharge under Title VII or the WLAD. *See Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061 (9th Cir.2003); *see also Aragon v. Republic Silver State Disposal*, 292 F.3d 654, 659 (9th Cir.2002). I would affirm the judgment of the district court essentially for the reasons stated in my dissent in *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061 (9th Cir.2003). I respectfully dissent from the reversal of the summary judgment dismissing Crume's claims.